IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kay F. Paschal, | ) | C/A No. 3:14-4737-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Leon Lott; Stan Smith; Howard Hughes; Heidi | ) | |
| Scott, *a/k/a Heidi Jackson*; *all in their* | ) | |
| *individual and official capacities*; Richland | ) | |
| County South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   The plaintiff, Kay F. Paschal, filed this action pursuant to 42 U.S.C. § 1983 alleging

violations of her constitutional rights by the named defendants.[1]  This matter is before the court

pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and

Recommendation on a motion to dismiss filed by Defendants Hughes and Smith, who are identified

by Paschal as officers with the Richland County Sheriff's Department.  (ECF No. 4.)  Paschal filed

a response in opposition (ECF No. 8), and Hughes and Smith replied (ECF No. 10).  Having

reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion

should be denied.

## BACKGROUND

   Paschal alleges that, beginning in 2011, the defendants executed "illegal" search warrants of

Paschal's property and residence.  Additionally, Paschal contends that Defendant Scott, an officer

with the Richland County Sheriff's Department, caused a warrant to be issued for Paschal's arrest

_____

[1] This matter was removed from the Richland County Court of Common Pleas.



that was supported by a false affidavit. Paschal alleges that she was arrested without probable cause, and that the arrest warrant was ultimately dismissed by a state circuit judge for this reason. Paschal states that the defendants' actions have violated her due process rights under the Fourth, Sixth, and Fourteenth Amendments. She seeks monetary damages.

## DISCUSSION

### A.    Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Additionally, at the pleading stage, a plaintiff is generally not required to allege facts which, taken as true, would establish a *prima facie* case. See, e.g., McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., No. 13-2488, 2015 WL 1088931, at *3 (4th Cir. Mar. 13, 2015) (holding that a plaintiff is not required to "plead facts establishing a prima facie case of discrimination to survive a motion to dismiss"). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. A plaintiff must, however, include factual averments that raise his claims above the speculative level, see Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), and nudge his claim "across the line from conceivable to plausible." Iqbal, 556 U.S. at 683 (quoting Twombly, 550 U.S. at 570). When considering a motion to dismiss, the court must



accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). In determining whether a plaintiff's allegations are sufficient to state a plausible claim for relief, courts must use their common sense and judicial experience. See Iqbal, 556 U.S. at 679.

**B.    Defendants Smith and Hughes**

The defendants removed this case from the state court pursuant to 28 U.S.C. § 1331, alleging that the Complaint as amended raises claims pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Defendants Smith and Hughes move for dismissal on the ground that Paschal has failed to allege any facts that would support a plausible claim against them. (ECF No. 4-1.) Specifically, Defendants Smith and Hughes argue that the Amended Complaint identified them in the preliminary portions, but failed to "assert any factual allegations of any personal involvement or specific actions taken by [them] which resulted in a violation of [Paschal's] constitutional or statutory rights." (Id. at 2.)

A plaintiff must do more than make conclusory statements to state a claim.  See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.  Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678-79.  Upon review of the Amended Complaint, the court finds that it alleges sufficient facts against Defendants Smith and Hughes to state a plausible claim.  Paschal alleges that she was arrested multiple times without probable cause and that the defendants interfered with her procedural rights.  Accordingly, Paschal plausibly states a claim under § 1983 for false arrest or malicious prosecution in violation of her Fourth Amendment rights.  Accordingly, the court finds that Paschal presents "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion (ECF No. 4) be denied.  To the extent that the assigned district judge disagrees with this recommendation, the court notes that the Amended Complaint was removed from the state court and was not drafted originally to meet federal pleading standards, and therefore recommends that Paschal be afforded an opportunity to cure any deficiencies by filing a proposed amended pleading in connection with a properly supported motion to amend.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 13, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

Page 4 of  5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).