IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kay F. Paschal, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No.: 3:14-cv-04737-TLW |
| vs. ) | |
| ) | |
| Leon Lott, *in his individual and official capacity*; Stan Smith, *in his individual and official capacity*; Howard Hughes, *in his individual and official capacity*; Heidi Scott, *in her individual and official capacity, also known as* Heidi Jackson; and Richland County South Carolina, ) ) ) ) ) ) ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Kay F. Paschal filed this action on December 15, 2014, alleging violation of her constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on May 13, 2015, by Magistrate Judge Paige J. Gossett (ECF No. 17) to whom this case was previously assigned. In the Report, the Magistrate Judge recommends that the Court deny the Motion to Dismiss filed by Defendants Stan Smith and Howard Hughes. The Report also recommends that, should the Court find that the complaint does not allege sufficient facts to state a claim against Defendants Smith and Hughes, the Plaintiff should be provided the opportunity to amend her complaint. Defendants Smith and Hughes filed objections to the Report on June 1, 2015. (ECF No.19). This matter is now ripe for disposition.

The Court has reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court finds that there are grounds to grant the motion to dismiss. Specifically, the amended complaint does not name either Defendant Smith or Defendant Hughes beyond the caption of the complaint, much less "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). However, as the Report notes, the Plaintiff filed both the original and amended complaints in South Carolina state court where state pleading standards governed. As a result, the Plaintiff may file a proposed amended complaint in connection with a properly supported motion to amend within thirty (30) days of the entry of this order. The Court will stay its decision on the Report and the Defendants' motion to dismiss and revisit the matter after the 30 days have expired.

**IT IS SO ORDERED**.

                                                s/Terry L. Wooten  
June 5, 2015                                   Chief United States District Judge  
Columbia, South Carolina