IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kay F. Paschal, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No.: 3:14-cv-04737-TLW |
| vs. ) | |
| ) | |
| Leon Lott, *in his individual and official* ) | |
| *capacity*; Stan Smith*, in his individual and* ) | |
| *official capacity*; Howard Hughes, *in his* ) | |
| *individual and official capacity*; Heidi ) | |
| Scott, *in her individual and official* ) | |
| *capacity, also known as* Heidi Jackson; and ) | |
| Richland County South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

In this action, which was removed to this Court on December 15, 2014, Plaintiff Kay F. Paschal alleges violation of her constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter previously came before this Court on the Report and Recommendation ("the Report") filed on May 13, 2015, by Magistrate Judge Paige J. Gossett (ECF No. 17). In the Report, the Magistrate Judge recommended either (1) that the Court deny the Motion to Dismiss filed by Defendants Stan Smith and Howard Hughes; or, (2) should the Court find the complaint insufficient to state a claim against the Defendants Smith and Hughes, that Plaintiff should be provided the opportunity to amend her complaint. The Defendants Smith and Hughes filed an objection to the Report on June 1, 2015.

After reviewing the Report and the record, the Court permitted the Plaintiff the opportunity to amend, finding that "the amended complaint [did] not name either Defendant Smith or Defendant Hughes beyond the caption of the complaint, much less 'plead that each

1

Government-official defendant, through the official's own individual actions, []violated the Constitution.'" (ECF No. 20 at 2 (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009))). Plaintiff filed a second amended complaint on August 3, 2015, expanding the complaint to add additional allegations concerning Defendants Smith and Hughes.

In light of the second amended complaint, the Court has again reviewed the Report and objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Pursuant to the standard set forth in Wallace, the Court has reviewed, de novo, the Report, objections. The Court finds that the motion to dismiss filed by Defendants Smith and Hughes should be **TERMINATED** as moot in light of the Petitioner's amended complaint. This matter is referred back to the Magistrate Judge for continued proceedings.

**IT IS SO ORDERED**.

                                        s/Terry L. Wooten
August 17, 2015                             Chief United States District Judge
Columbia, South Carolina