IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kay F. Paschal,<br><br>PLAINTIFF<br><br>v.<br><br>Leon Lott; Stan Smith; Howard Hughes; Heidi Scott a/k/a Heidi Jackson; all in their individual and official capacities; Richland County, South Carolina,<br><br>DEFENDANTS | Case No. 3:14-cv-4737-TLW<br><br>**ORDER** |

Plaintiff Kay F. Paschal, an attorney, filed this civil rights action against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff asserts Defendants violated her Constitutional rights during the prosecution of criminal charges against her in Lexington and Richland Counties, South Carolina, arising from Plaintiff's use of an allegedly forged power of attorney.

This matter is before the Court for review of the detailed Report and Recommendation (R&R) filed by United States Magistrate Judge Paige Gossett to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. ECF No. 59. In the R&R, the Magistrate Judge analyzed the case both factually and legally and she recommends granting summary judgment to Defendants as to Plaintiff's Fourth Amendment claims on the ground of qualified immunity, and on Plaintiff's Sixth Amendment claims because they fail as a matter of law. Plaintiff filed objections to the R&R and Defendants replied. ECF Nos. 62, 67.

The District Court held a hearing in this matter on August 29, 2016. Counsel for all parties were present: S. Jahue Moore for Plaintiff, and Robert D. Garfield for Defendants. The parties also submitted supplemental authorities after the hearing. ECF Nos. 71, 72. This matter is now

ripe for disposition.

> In reviewing the R&R, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Hous. Auth. of City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully considered the recommendation of the Magistrate Judge, the record in this case, the applicable caselaw, and the arguments advanced by the parties. For the reasons set forth below and in the R&R, the Court accepts the R&R and grants Defendants' motion for summary judgment.

In the R&R, the Magistrate Judge set forth in detail the relevant facts viewed in the light most favorable to Plaintiff. ECF No. 59 at 1-6. As the Magistrate Judge observed, Plaintiff's Constitutional claims are essentially that Defendants arrested her, searched her home, and seized her property without probable cause.[1] Id. at 11-12.

---

[1] As the Magistrate Judge noted, the other concerns raised by Plaintiff do not implicate rights protected by the United States Constitution. ECF No. 59 at 12, n.7. In her briefs and at the August 29 hearing, Plaintiff argued that the $1.6 million verdict she obtained against Defendant Lott in a separate civil case based on the state tort claims of abuse of process and malicious prosecution (which was subsequently remitted to $300,000 due to a statutory cap) is sufficient to prove a Constitutional claim in this case. ECF Nos. 51, 62. Specifically, Plaintiff argued that Defendants, as Richland County Sheriff's Office employees, did not have jurisdiction to pursue warrants in Lexington County. Additionally, Plaintiff argued that Defendants were not "bonded law enforcement officers" and, thus, were not allowed to execute warrants under South Carolina law.

The Magistrate Judge observed that the specific question in this case is whether "a reasonable officer in [Defendants'] position could have believed that probable cause existed." ECF No. 59 at 9 (citing Torchinsky v. Siwinski, 942 F.2d 257, 261 (4th Cir. 1991)). As the Fourth Circuit has explained, the Court applies an objective, not subjective, analysis of this issue. See, e.g., Graham v. Gagnon, --- F.3d ---, 2016 WL 4011156, at *6 (4th Cir. 2016) ("Because probable cause is an objective test, we examine the facts within the knowledge of arresting officers to determine whether they provide a probability on which reasonable and prudent persons would act; we do not examine the subjective beliefs of the arresting officers to determine whether they thought that the facts constituted probable cause." (citing United States v. Gray, 137 F.3d 765, 769 (4th Cir. 1998)).

As stated in the R&R, there is extensive Fourth Circuit caselaw recognizing that officers are generally entitled to rely on the opinions of prosecutors and findings by a neutral and detached magistrates, for example: Wadkins v. Arnold, 214 F.3d 535 (4th Cir. 2000); Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); and Torchinsky, 942 F.2d 257. To demonstrate that an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must show that the officer "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." Miller v. Prince George's Cty., 475 F.3d 621, 627 (4th Cir. 2007) (internal quotation marks and citations omitted). In light of these standards, the Magistrate Judge addressed the claims against each Defendant in

---

As noted in the R&R, however, these asserted violations of state law do not implicate rights protected by the United States Constitution and therefore are not remediable under Section 1983. See Street v. Surdyka, 492 F.2d 368, 371 (4th Cir. 1974) ("[N]ot all violations of state law rise to the level of constitutional tort.").

turn.

The Magistrate Judge first addressed Plaintiff's claim against Lt. Heidi Scott, the Richland County investigator who obtained search and arrest warrants against Plaintiff in Lexington County based on Plaintiff's use of an allegedly forged power of attorney. Id. at 7-13. The Magistrate Judge summarized the key actions taken by Scott during her investigation, which are supported by the uncontradicted evidence of record, as follows:

> Defendant Scott conducted a months' long investigation and consulted with two veteran prosecutors from two different judicial circuits who both opined that she had probable cause to seek a warrant for various offenses. The affidavit supporting the warrant application, although brief, sets forth the affiant's belief that the plaintiff used a fraudulent power of attorney to purchase a minivan with the alleged victim's money. A local magistrate, finding probable cause, issued the warrants.

Id. at 12.

In contrast, as the Magistrate Judge observed, Plaintiff has not adduced evidence that Scott withheld material information from the prosecutors with whom she consulted or the magistrate judge who issued the warrants, nor has Plaintiff made a showing that any withholding that took place was intentional or with reckless disregard of the facts generated from the investigation of Plaintiff. Id. at 13. Moreover, Plaintiff has not shown that the affidavit was so lacking in any indicia of probable cause that Scott's belief that she had probable cause to seek the warrants was objectively unreasonable.

Applying these facts to the standards set by the Fourth Circuit, the Magistrate Judge concluded that Scott is entitled to qualified immunity because even if Plaintiff's Constitutional rights were violated in some manner by Scott's actions, such a violation would not have been clearly established based on the specific context presented in this case.[2] Id. at 14.

---

[2] The Magistrate Judge also analyzed the potential liability of Defendants Lott and Smith and concluded they would be entitled to qualified immunity as Scott's supervisors. Id. at 15.

4

Next, the Magistrate Judge examined the application of qualified immunity as to Investigator Howard Hughes. Hughes is the Richland County officer who took over the criminal investigation that Scott had begun after Plaintiff filed a state-court lawsuit accusing Scott of abuse of process and malicious prosecution. Id. at 14. During Hughes' prosecution of Plaintiff, he not only obtained the opinion of an Assistant Solicitor and a finding of probable cause from an independent Richland County magistrate, notably, a grand jury also returned two indictments against Plaintiff for Forgery—all based on the same alleged conduct that gave rise to the warrants Scott obtained in Lexington County. Compare ECF Nos. 41-5; 41-8; 41-9 (search and arrest warrants based on Plaintiff's use of an allegedly forged power of attorney), with ECF No. 41-14 (grand jury indictments based on same). These indictments remain pending.[3] There is no evidence in the record to show that Hughes withheld material information from or made false statements to the solicitor, the issuing magistrate judge, or the grand jury. As observed by the Magistrate Judge, under these circumstances the grand jury's indictments establish probable cause as a matter of law and, thus, Hughes is entitled to qualified immunity.[4] Id. (citing cases).

Finally, the Magistrate Judge explained that Plaintiff's Sixth Amendment claims, which concern the still-pending state criminal indictments, fail as a matter of law pursuant to Younger v. Harris, 401 U.S. 37 (1971) (holding that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances). Id. at 15-16.

At the August 29 hearing, Plaintiff focused on the alleged state-law violations noted (i.e.,

---

[3] At the August 29 hearing, Plaintiff acknowledged that he may not be able to proceed with the claims against Hughes at this time based on the pending indictments returned by a Richland County grand jury.

[4] The grand jury's indictments further support Defendants' position that probable cause existed for the Lexington County warrants Scott obtained because she sought them based on the same conduct that gave rise to the indictment, i.e., Plaintiff's use of an allegedly forged power of attorney.

5

the jurisdiction of a deputy across county lines, and whether the officers were "bonded") as the basis of her Constitutional claim.  Plaintiff argued that the Fourth Circuit's opinion in Goodwin v. Metts compels the conclusion that a Constitutional violation occurred here because a state-court jury found in favor of Plaintiff on these state law issues. 885 F.2d 157 (4th Cir. 1989).  In Goodwin, the investigator withheld exculpatory information by failing to inform the prosecutor that an individual other than the defendants had confessed to the crimes charged.  Id. at 160.  The case proceeded to trial and the defendants were acquitted.  In a subsequent civil case brought by the defendants against the investigator, the jury found against the investigator on a Section 1983 claim among other causes.  Based on the facts of that case, the Fourth Circuit declined to disturb the jury verdict and concluded that "[b]eing subjected to a prosecution because an officer withheld exculpatory evidence from the prosecutor while urging that the prosecution should go forward can work a constitutional deprivation."  Id. at 163 (citing Jennings v. Shuman, 567 F.2d 1213, 1220 (3d Cir. 1977)).

      The Magistrate Judge addressed the Goodwin case in the R&R.  ECF No. 59 at 11, n.6.  She concluded that Plaintiff's reliance on it was "misplaced" because "Goodwin does not address the specific right at issue in this case."  Id.  This Court agrees with the Magistrate Judge's analysis.  As noted, Plaintiff's Constitutional claims in this case are based on arrests, searches, and seizures that she asserts were conducted without probable cause.  However, Plaintiff has adduced no evidence that Defendants "withheld exculpatory evidence from the prosecutor while urging that the prosecution should go forward," see id. at 163, and, as explained, the alleged state law issues of which Plaintiff complains do not rise to the level of Constitutional violations.  In contrast, as the Magistrate Judge concluded, the evidence of record supports Defendants' position that "a reasonable officer in [Defendants'] position could have believed that probable cause existed" such

6

that the application of qualified immunity is proper. See Torchinsky, 942 F.2d at 261; Graham, 2016 WL 4011156, at *6.

After careful consideration, this Court accepts the Magistrate Judge's analysis and conclusion that Defendants are entitled to qualified immunity on Plaintiff's Fourth Amendment claims, and that Plaintiff's Sixth Amendment claims fail as a matter of law. Accordingly, Plaintiff's objections are overruled and the R&R, ECF No. 59, is accepted. For the reasons articulated by the Magistrate Judge and those stated herein, Defendants' motion for summary judgment, ECF No. 40, is GRANTED.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Chief United States District Judge

September 28, 2016
Columbia, South Carolina